IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00116-PSF-BNB

DIANA GARNER,

    Plaintiff,

v.

U S WEST DISABILITY PLAN,

    Defendant.

## ORDER ON PENDING MOTIONS

This matter is before the Court on three post-judgment motions filed by Plaintiff Diana Garner:  Motion for Overnight Extension to File Motion to Amend Judgment (Dkt. # 29); Motion to Amend Judgment Pursuant to F.R.Civ.P. 59 (Dkt. # 30); and Motion to Reopen Case for Good Cause (Dkt. # 31).  All three motions were filed on April 18, 2006.

This Court entered judgment in this case arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), on March 31, 2006 (Dkt. # 27), remanding the case to Defendant U S West Disability Plan ("Plan"), now Qwest Disability Plan, for further review and administratively closing the case.  On May 1, 2006, after filing the above-listed motions, Ms. Garner filed a Notice of Appeal (Dkt. # 32).  This Court then entered an Order (Dkt. # 34) instructing parties to file statements regarding their positions on whether this Court retained jurisdiction over

plaintiff's previously filed motions in light of the Notice of Appeal. Defendant filed its response on May 15, 2006 (Dkt. # 36); plaintiff did not file a response.

The filing of a notice of appeal generally divests a district court of jurisdiction and triggers the jurisdiction of the Tenth Circuit. *See Lancaster v. Indep. School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (filing of a notice of appeal divests district court of jurisdiction over any issues on appeal and district court retains jurisdiction only over collateral matters such as attorney's fees). However, a timely filed motion to amend the judgment under F.R.Civ.P. 59(e) essentially reactivates this Court's jurisdiction pursuant to F.R.App.P. 4(a)(4)(A)(iv). *See Stone v. I.N.S.*, 514 U.S. 386, 402-03 (1995) (Rule 59 motions render underlying judgments nonfinal and divest appellate court of jurisdiction).

In the instant case, Ms. Garner's Rule 59 motion was untimely. The Court entered judgment on March 31, 2006. Any Rule 59 motion must be filed within ten days of that date. *See* F.R.Civ.P. 59(e). Therefore, Ms. Garner's motion was due no later than April 14, 2006 given F.R.Civ.P. 6's exclusion of weekends and holidays. However, she did not file her Rule 59 motion until April 18, 2006. Such an untimely motion does not alter the jurisdiction of the Tenth Circuit over this case. *See* F.R.App.P. 4(a)(4)(A)(iv) (requiring the Rule 59 motion to be "timely"); *Henderson v. Ray*, 164 Fed. Appx. 760, **3 (10th Cir., Jan. 26, 2006) (*pro se* litigant who sought an extension of time to file reconsideration motion did not timely file any jurisdiction-divesting motion and thus the district court lacked jurisdiction following the filing of a notice of appeal). Therefore, this Court lacks jurisdiction over Ms. Garner's pending motions.

This Court does not have the authority to retroactively allow Ms. Garner to file her Rule 59 motion out of time. Such an extension is prohibited under F.R.Civ.P. 6(b) (a court "may not extend the time for taking any action under Rules . . . 59(b), (d) and (e)"). *See also Weitz v. Lovelace Health System, Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000) (the district court "lacked authority to grant Appellant's motion for additional time to file her Rule 59(e) motion"). Thus, even if this Court had jurisdiction to hear the motion for extension of time, it could not grant it and make Ms. Garner's Rule 59 motion timely.

For the foregoing reasons, the Court DENIES the following motions filed by Plaintiff Diana Garner for lack of jurisdiction: Motion for Overnight Extension to File Motion to Amend Judgment (Dkt. # 29); Motion to Amend Judgment Pursuant to F.R.Civ.P. 59 (Dkt. # 30); and Motion to Reopen Case for Good Cause (Dkt. # 31).

DATED: October 16, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge