IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00116-PSF-BNB

DIANA GARNER,

    Plaintiff,

v.

U.S. WEST DISABILITY PLAN,

    Defendant.

---

**ORDER ON PLAINTIFF'S MOTION TO REOPEN CASE**

---

This matter is before the Court on Plaintiff Diana Garner's Motion to Reopen Case and Enter Judgment in Favor of Plaintiff (Dkt. # 45), filed on September 22, 2007. Defendant U.S. West Disability Plan, now Qwest Disability Plan (the "Plan"), filed a response on October 9, 2007 (Dkt. # 46). The motion is ripe for disposition.

### I.     BACKGROUND

Plaintiff filed suit against the Plan on January 24, 2005, seeking reinstatement of long-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). On March 31, 2006, this Court entered a Final Order on Review of Administrative Record (Dkt. # 27), upholding the Plan's finding that plaintiff was not entitled to benefits based on a physical disability, but remanding the case to the Plan for further findings or explanation as to plaintiff's claim for disability based on her alleged major depression, by itself or in conjunction with her physical ailments. The

Court ordered the case administratively closed, subject to reopening upon motion for good cause shown.

Plaintiff filed a notice of appeal on May 1, 2006 (Dkt. # 32). Among the issues plaintiff raised on appeal was "[w]hether the District Court erred in remanding this ERISA benefits case back to the Plan Administrator after finding that the Plan Administrator had arbitrarily and capriciously failed to consider undisputed medical evidence of disability." Docketing Statement, Ex. A to Def.'s Resp., at 3. In her opening brief in the court of appeals, plaintiff similarly argued defendant "erred in choosing remand . . . as the appropriate remedy" and also argued this Court "lacked subject matter jurisdictional authority to order a remand." Ex. B to Def.'s Resp. at 19, 23. Defendant filed its own notice of appeal on May 15, 2006 (Dkt. # 37). Neither party sought a stay of this Court's order pending appeal.

The Tenth Circuit Court of Appeals issued an opinion in this case on September 7, 2007 (Dkt. # 44), holding that the Court's order from which the parties appealed was not a final order and dismissing the appeal for lack of jurisdiction. Plaintiff subsequently filed the underlying motion, and the Tenth Circuit denied plaintiff's petition for rehearing on October 15, 2007.

**II.     MOTION TO REOPEN CASE AND ENTER JUDGMENT**

    **A.     Plaintiff's Arguments**

Plaintiff argues that, because this Court ordered defendant to conduct further review of plaintiff's disability claim and because defendant did not seek a stay of that order pending the appeal, defendant was required to comply with the order while the

appeal proceeded and failed to do so.  Plaintiff accordingly contends she "is entitled to an immediate award of her past disability benefits[,] an order requiring the Plan to reinstate monthly benefit payments, interest on past unpaid benefits, an award of her attorney fees and costs, plus an appropriate monetary sanction for the Plan's contempt of Court."  Pl.'s Mot. ¶ 16.  Plaintiff also argues, as she did on appeal, that this Court should enter judgment because it lacks jurisdiction to remand the case to the Plan.

### B. Compliance With This Court's Order

A party appealing a district court's judgment may seek a stay of the judgment pending appeal.  Generally, the party must first seek a stay in the district court by filing a supersedeas bond and, if unsuccessful, may then move for a stay in the court of appeals.  F.R.Civ.P. 62(d); F.R.A.P. 8(a).  Plaintiff argues that, because defendant appealed without seeking a stay, defendant was required and failed to comply with the order while the appeal was pending.  The success of this argument depends on the effect of plaintiff's appeal, if any, on defendant's obligation to seek a stay in order to avoid enforcement of the order.

In some circuits, an appeal taken by the party prevailing in district court "can operate as an automatic supersedeas, obviating the need for the losing party to file a bond when it files its own appeal."  11 Fed. Prac. & Proc. Civ. 2d § 2905 (citing *TVA v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986), and *Sealover v. Carey Canada*, 806 F. Supp. 59, 61–62 (M.D. Pa. 1992) ("Generally, a litigant is precluded from accepting all or a substantial part of the benefit of a judgment, while simultaneously challenging unfavorable aspects of that judgment on appeal.")).  Other

circuits have held that "[a] prevailing party's appeal suspends the enforcement of a judgment only when the theory of the appeal is inconsistent with enforcement in the interim." *Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558, 559 (1st Cir. 1993) (quoting *BASF Corp. v. Old World Trading Corp.*, 979 F.2d 615, 617 (7th Cir. 1992)); *see also N. Ind. Pub. Serv. Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) ("A party that is trying to obtain specific performance in lieu of damages cannot at the same time attempt to execute a damage judgment.").

The Tenth Circuit has not addressed the issue, and even assuming it would take the latter position, which is less favorable to defendant, plaintiff's appeal nevertheless resulted in a stay of execution of this Court's order. Plaintiff was in effect the "prevailing party" with respect to the portion of the order remanding the case, as the holding was based on the Court's conclusion that the Plan had failed to make adequate findings with respect to plaintiff's alleged mental condition in discontinuing her benefits. In addition, plaintiff's pertinent theories on appeal—that this Court lacked jurisdiction to remand the case and should have awarded benefits rather than remand the case to the Plan—are clearly inconsistent with her current attempt to enforce the remand order. Thus, plaintiff's appeal in effect stayed the Court's order, and defendant was not required to conduct a further review of plaintiff's disability claim pending the appeal.

**C.     Jurisdiction to Remand Case to Plan**

Plaintiff contends she is entitled to an award of past and future benefits, plus interest, costs, and attorney's fees, because this Court lacked jurisdiction to remand the case to the Plan. However, in ordering the remand in the first place the Court has

already implicitly recognized it has jurisdictional authority to do so.  In addition, although it has not directly addressed the jurisdictional issue raised by plaintiff, the Tenth Circuit has held that remand of an ERISA case to the plan administrator "for further findings or explanation" is appropriate "if the plan administrator 'fail[ed] to make adequate findings or to explain adequately the grounds of [its] decision.'"  *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 451 F.3d 1161, 1175 (10th Cir. 2006) (alteration in original) (quoting *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1288 (10th Cir. 2002)); *see also Rekstad v. U.S. Bancorp,* 451 F.3d 1114, 1121 (10th Cir. 2006) (remanding case to plan administrator for examination of relevant evidence in administrative record).  Indeed, in its order dismissing this appeal for lack of jurisdiction, the Tenth Circuit noted that plaintiff's jurisdictional argument was "of questionable validity."  Slip op. at 10.  Thus, the Court holds that it has jurisdiction to remand the case to the Plan and finds that no good cause exists to reopen the case at this time.

## III.   CONCLUSION

For the foregoing reasons, plaintiff's Motion to Reopen Case and Enter Judgment in Favor of Plaintiff (Dkt. # 45) is DENIED.  Because the Tenth Circuit has now dismissed the appeal, this Court's prior order of March 31, 2006 (Dkt. # 27) controls the further proceedings in this case.

DATED:  October 16, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge